IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

BEULAH MARIE DUVE,       )
                         )
          Plaintiff,     )   No. 12cv1001 EJM
vs.                      )
                         )   ORDER
MICHAEL J. ASTRUE,       )
COMMISSIONER OF SOCIAL   )
SECURITY,                )
                         )
          Defendant.     )

Plaintiff brings this action seeking judicial review of the Commissioner's denial of her application for social security disability and supplemental security income benefits. Briefing concluded July 3, 2012. The court has jurisdiction pursuant to 42 USC §405(g). Affirmed.

Claiming an onset date of January 30, 2008, plaintiff alleges disability due to multiple impairments including coronary artery disease, status post coronary artery bypass grafting, hyperthyroidism, and obesity. She asserts the Administrative Law Judge (ALJ) erred in failing to consider the record as a whole when assessing her residual functional capacity (RFC), and in finding that she could return to past relevant work. Accordingly, she asserts that the Commissioner's decision is not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision. This requires [the court] to do more than merely parse the record for substantial evidence supporting the [Commissioner's] decision. [The court] also must consider evidence

in the record that detracts from the weight of the decision. Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F2d 836, 838 (8th Cir. 1992) (internal citations omitted).

The ALJ found plaintiff's severe impairments include coronary artery disease, status post coronary artery bypass grafting, hyperthyroidism, and obesity, but further found she retained the residual functional capacity to engage in substantial gainful activity.

In support of her claim, plaintiff asserts that the ALJ failed to include appropriate limitations as to sitting and standing, as set forth in the opinion of consulting examiner Dr. Stenberg. Additionally, plaintiff asserts the ALJ erred in assigning no weight to Dr. Stenberg's opinion as to her ability to work, or to his diagnosis of depression. Moreover, plaintiff urges that the RFC assigned by the ALJ is based in part upon a mischaracterization of parts of plaintiff's hearing testimony. Plaintiff urges that when Dr. Stenberg's opinions and her own testimony are afforded appropriate weight, vocational expert testimony establishes she is unable to engage in substantial gainful activity, including her past relevant work.

Upon review as to sitting/standing limitations, it was Dr. Stenberg's opinion that plaintiff should stand no more than twenty minutes, she should be able to sit 40 minutes between periods of standing, and that she should have no trouble sitting during an 8 hour workday, given appropriate work breaks. T. 447. The

ALJ gave appropriate weight to Dr. Stenberg's opinion, and sufficiently incorporated those limitations in findings as to plaintiff's retention of the residual functional capacity for a reduced range of sedentary work (T. 14), and her past relevant work (T. 20). While plaintiff asserts the RFC adopted by the ALJ had no provision for alternating between sitting and standing every 30 minutes (a limitation that would have eliminated competitive employment), as noted above, plaintiff is not so limited in Dr. Stenberg's opinion. The ALJ further permissibly noted that Dr. Stenberg's observation as to depression appeared to be outside his area of expertise, and that his opinion as to plaintiff's ability to work is an issue reserved to the Commissioner. The ALJ properly observed that plaintiff was no longer on any anti-depressant medication, undergoes no counseling, and that no mental impairment was shown. T. 14.

In the ALJ's review of plaintiff's subjective allegations including her hearing testimony, it is the court's view that the ALJ permissibly found the record to be inconsistent with plaintiff's subjective allegations of disabling symptoms. The ALJ permissibly relied upon considerations including her summarization of plaintiff's daily activities, plaintiff's treatment of medical symptoms and the degree of alleviation and control thereof, the effectiveness of medications, and plaintiff's work history. The ALJ properly relied upon vocational expert testimony in finding plaintiff is capable of performing her past relevant work, all as set forth in the ALJ's decision.

Upon the foregoing, and without minimizing the seriousness of plaintiff's limitations, it is the court's view that the Commissioner's decision is supported by substantial evidence on the record as a whole.

It is therefore

ORDERED

Affirmed.

January 17, 2013.

_Edward J. McManus_
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT